IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SPHERION CORPORATION,<br><br>　　　　Defendant. | §§§§§§§§§§§§ Civil Action No. A04CA632 LY<br><br>COMPLAINT AND<br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals who were adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Spherion Corporation ("Spherion"), discriminated against Ms. Huschka, Mr. Madigan, and a class of similarly situated individuals in violation of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Spherion, has continuously been doing business in the State of Texas and the City of Austin, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, Spherion, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Spherion, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Dorothea Huschka and Eric Madigan filed individual charges with the Commission alleging violations of Title I of the ADA by Defendant Spherion. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Dorothea Huschka and Eric Madigan have been and are qualified persons with a disability and are covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.*

9.  In or about May 2003, Defendant, Spherion, engaged in unlawful employment practices at its Austin, Texas location, in violation of Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.* These practices include the following:

   a.  Denial of a reasonable accommodation of a known physical limitation in violation of 42 U.S.C. § 12112(b)(5)(A);

   b.  Denial of job opportunities to job applicants based on the need to make a reasonable accommodation to the applicants' physical impairments in violation of 42 U.S.C. § 12112(b)(5)(B); and

   c.  Failing to hire Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals because of their disability, deafness, in violation of 42 U.S.C. § 12112(a).

10.  The effect of the practices complained of in paragraph 9 above has been to deprive Ms. Huschka, Mr. Madigan, and a class of similarly situated individuals of equal employment opportunities and to otherwise adversely affect their status as employees because of their disability.

11.  The unlawful employment practices complained of in paragraph 9 above were intentional.

12.  The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, Spherion, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; (2) failing to hire based on the need to make a reasonable accommodation; (3)

failing to hire qualified employees because of their disability; and (4) engaging in any other employment practice which discriminates on the basis of disability;

  B. Order Defendant, Spherion, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to posting notices regarding its compliance with the ADA;

  C. Order Defendant, Spherion, to make whole Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Dorothea Huschka, Eric Madigan, and said class of similarly situated individuals, or front pay in lieu thereof;

  D. Order Defendant, Spherion, to make whole Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  E. Order Defendant, Spherion, to make whole Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

 F. Order Defendant, Spherion, to pay Dorothea Huschka, Eric Madigan, and a class of similarly situated individuals punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial;

 G. Grant such further relief as the Court deems necessary and proper in the public interest; and

 H. Award the Commission its costs.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


_____
ROBERT B. HARWIN
Regional Attorney
District of Columbia Bar No. 076083


_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300

*[signature]* w/ permission

JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste 200
San Antonio, TX 78229-3555
Telephone: (210) 281-7636
Telecopier: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**