IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2004 DE -2 PM 12: 44

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| SPHERION CORPORATION, | § § | |
| Defendant; | § § | CIVIL ACTION NO. 04-CV-632 |
| and | § § | |
| DOROTHEA HUSCHKA and ERIC MADIGAN, | § § | MOTION TO INTERVENE |
| Plaintiff-Intervenors, | § § | |
| v. | § § | |
| SPHERION CORPORATION, | § § | |
| Defendant. | § | |

## MOTION TO INTERVENE

Dorothea Huschka and Eric Madigan, by and through their undersigned attorneys, move this Court for an order permitting them to intervene as party plaintiffs in the above-captioned action, and in support of this motion would show:

1. Intervening Petitioners Dorothea Huschka and Eric Madigan are the charging parties in Equal Opportunity Commission ("EEOC") Charges No. 36AA300373 and 36AA300374, respectively, and are the individuals damaged as a result of the Defendant's unlawful conduct.

2. The EEOC has brought this action for injunctive and other relief against Defendant under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*

3.  In addition to their claims under Title I of the Americans with Disabilities Act, 42 U.S.C.

§ 12111 *et seq.*, Petitioners seek to bring claims against Defendant for violations of Texas Labor

Code § 21.001 *et. seq.*, which are reviewable by this Court pursuant to 28 U.S.C. § 1367.

4.  Under Fed.R.Civ.P. 24(a)(1), "[u]pon timely application anyone shall be permitted to

intervene in an action ... when a statute of the United States confers an unconditional right to

intervene." The statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1), grants the charging

employee an unconditional right to intervene in cases brought by the EEOC, and has been

incorporated into the Americans with Disabilities Act. 42 U.S.C. § 12117(a).

5.  Additionally, Petitioners have a right to intervene in this action because they have

interests in the subject of the action, and because disposition of this case without their involvement

may as a practical matter impair or impede their ability to protect their interests. Fed.R.Civ.P.

24(a)(2).  Further, their ability to protect their interests will likely be impaired if not all of their

claims, including those state claims which the EEOC is unable to assert, are properly before the

Court.

6.  Alternatively, Petitioners maintain that they should be allowed to intervene pursuant to

Fed.R.Civ.P. 24(b)(2), which governs the intervention of parties by permission, as Petitioners' state

claims and those in this action have common issues of law and fact.

7.  Allowing Petitioners to intervene and to assert their additional claims will not in any

manner delay the hearing or disposition of this matter nor raise any jurisdictional or venue issues.

8.  A copy of Petitioners' proposed complaint in intervention is attached to this motion as

Exhibit A.

9.  The E.E.O.C. does not oppose this motion.  Counsel for Defendant opposes this motion.

WHEREFORE, Petitioners Dorothea Huschka and Eric Madigan move the Court to:

1. Allow them to intervene in this action as a matter or right, or, in the alternative, exercise the Court's discretion to allow their permissive intervention;

2. Order that the attached Complaint in Intervention be filed on their behalf; and

3. Permit Dorothea Huschka and Eric Madigan to participate fully in all phases of this action, and to recover all relief to which they may be entitled.

Respectfully submitted,

LUCY D. WOOD
State Bar No. 24013780
ADVOCACY, INCORPORATED
7800 Shoal Creek Blvd., Suite 142-S
Austin, Texas 78757
(512) 454-4816 (Phone)
(512) 302-4936 (Fax)

BRIAN EAST
State Bar Number 06360800
ADVOCACY, INCORPORATED
7800 Shoal Creek Blvd., Suite 171-E
Austin, Texas  78757
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this _2nd_ day of December, 2004, I sent a true and correct copy of the foregoing by certified mail, return receipt requested to:


Judith G. Taylor, Supervisory Trial Attorney
Jennie Randall, Trial Attorney
Equal Employment Opportunity Commission
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Scott McLaughlin
Seyfarth Shaw, LLP
700 Louisianna St., Suite 3700
Houston, Texas 77002

_____
Lucy D. Wood



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>SPHERION CORPORATION,<br><br>            Defendant;<br><br>and<br><br>DOROTHEA HUSCHKA and<br>ERIC MADIGAN,<br><br>            Plaintiff-Intervenors,<br><br>v.<br><br>SPHERION CORPORATION,<br><br>            Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 04-CV-632<br><br>COMPLAINT IN INTERVENTION<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN INTERVENTION

NOW COME Intervenors, Dorothea Huschka and Eric Madigan, who ask this Court to order

Defendant, Spherion Corporation, to correct unlawful practices and to grant Intervenors full relief,

as outlined below, for the discrimination they have endured.

### Preliminary Statement

1.      Intervenors adopt and incorporate in its entirety the Complaint filed by the Equal

Employment Opportunity Commission ("EEOC") in the original action above.

2.      Intervenors also join claims under Texas law as set forth in more detail, below.

**Jurisdiction**

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

**Parties**

4.    Intervenors Dorothea Huschka and Eric Madigan are deaf residents of Texas who are qualified persons with a disability covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et. seq.*, and by the Texas law prohibiting disability-based discrimination in employment, Texas Labor Code § 21.001 *et. seq.* Both are persons aggrieved within the meaning of 42 U.S.C. § 2000e-5(f)(1), which is incorporated into the Americans with Disabilities Act at 42 U.S.C. §12117(a).

**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

5.    Intervenors reincorporate each of the foregoing paragraphs as if fully set forth herein.

6.    Within one hundred and eighty days of the discrimination they experienced, Intervenors dual-filed charges of discrimination with the Austin Human Rights Commission and the E.E.O.C. alleging violations by Defendant of the Texas law prohibiting disability-based discrimination in employment. On October 20, 2004, the Texas Workforce Commission issued each a notice of his right to file a civil action. Intervenors filed their Motion to Intervene and Complaint in Intervention within sixty days of the issuance of these notices. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    At all relevant times, Dorothea Huschka and Eric Madigan have been and are persons with disabilities, as defined by § 21.002(6) of the Texas Labor Code, and are therefore protected from discrimination by Texas Labor Code § 21.001 *et. seq.*

8.    At all relevant times, Spherion Corporation is and has been both an employer and an employment agency, as defined by §21.002(8) and §21.002(9) of the Texas Labor Code.

9.    In or about May 2003, Defendant Spherion engaged in unlawful employment practices at its Austin, Texas location, in violation of Texas Labor Code § 21.001 *et. seq.* These practices include the following:

      a.    Failing to or refusing to hire an individual or discriminating in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment because of disability, in violation of Texas Labor Code § 21.051(1);

      b.    Limiting, segregating, or classifying an applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee because of disability, in violation of Texas Labor Code § 21.051(2);

      c.    Failing to or refusing to refer for employment or discriminating in any other manner against an individual because of disability, in violation of Texas Labor Code § 21.052(1);

      d.    Classifying or referring an individual for employment on the basis of disability, in violation of Texas Labor Code § 21.052(2);

      e.    Failing or refusing to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability who is an applicant for employment, in violation of Texas Labor Code §21.128;

10.    As a direct, proximate, and reasonably foreseeable result of these practices, both Ms. Huschka and Mr. Madigan have suffered damages, and are therefore entitled to the full range of remedies requested below.

11.     The unlawful employment practices complained of in paragraph 6 above were intentional.

12.     The unlawful employment practices complained of in paragraph 6 above were done with malice or with reckless indifference to the state-protected rights of Ms. Huschka and Mr. Madigan.

**JURY DEMAND**

13.     Intervenors Huschka and Madigan request a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, in addition to the relief prayed for in the complaint in the principal action, Intervenors pray that this Court:

1.     Order Defendant to pay Intervenors appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Ms. Huschka and Mr. Madigan, or front pay in lieu thereof;

2.     Order Defendant to pay compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices detailed above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

3.     Order Defendant to pay compensatory damages for past and future non-pecuniary losses resulting from the unlawful employment practices detailed above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

4.     Order Defendant to pay punitive damages as allowed by law;

5.     Declare that Defendant violated the Americans with Disabilities Act and Texas state law by discriminating against Intervenors in the ways detailed above;

6.     Permanently enjoin Defendant from further acts of disability-based discrimination that violate the Americans with Disabilities Act and/or the Texas state law prohibiting disability-based discrimination in employment;

7.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

8.     Order that Defendant pay reasonable attorney's fees, all expert witness fees, and all costs incurred in the preparation and prosecution of this action as permitted by federal and state law; and

9.     Order that Defendant pay pre-judgment and post-judgment interest as allowed by law, and such additional and further relief that this Court deems just and proper.

Respectfully submitted,

ADVOCACY, INCORPORATED

By: _____

LUCY D. WOOD
State Bar No. 24013780
BRIAN EAST
State Bar Number 06360800
7800 Shoal Creek Blvd., Suite 142-S
Austin, Texas 78757
(512) 454-4816 (Phone)
(512) 302-4936 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2004, I sent a true and correct copy of the foregoing by certified mail, return receipt requested to:

Judith G. Taylor, Supervisory Trial Attorney
Jennie Randall, Trial Attorney
Equal Employment Opportunity Commission
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Scott McLaughlin
Seyfarth Shaw, LLP
700 Louisianna St., Suite 3700
Houston, Texas 77002

Lucy D. Wood