IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | A-04-CA-632 LY |
| SPHERION CORPORATION, | § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Dorothea Huschka's and Eric Madigan's Motion to Intervene filed December 2, 2004 (Clerk's Doc. No. 3).[1] On January 12, 2005, the District Court referred the motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing Movants' pleading, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

### I. DISCUSSION

On September 29, 2004, the Equal Employment Opportunity Commission ("EEOC") filed this employment discrimination action against Defendant Spherion Corporation on behalf of Dorothea Huschka ("Huschka"), Eric Madigan ("Madigan"), and others similarly situated. In its

---

[1] Plaintiff EEOC does not oppose Movants' Motion to Intervene. Defendant Spherion did not file a response.

complaint, the EEOC alleges that Spherion violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12101 *et seq.*, by denying reasonable accommodation and job opportunities to disabled job applicants and by failing to hire Huschka and Madigan because of their disability, deafness. Huschka and Madigan now seek to intervene under Rule 24 of the Federal Rules of Civil Procedure.

"Intervention under Rule 24(a)(1) is absolute and unconditional." *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998) (internal quotation marks omitted). Unlike intervenors as of right under Rule 24(a)(2), "statutory intervenors" under Rule 24(a)(1) need not show inadequacy of representation or that their interests may be impaired if not allowed to intervene. *Id. Cf. Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 65 (2004).[2] Nor need they prove a "sufficient" interest relating to the subject matter of the controversy given that Congress has already declared that interest sufficient by granting the statutory right to intervene. *Ruiz*, 161 F.3d at 828. In short, once it is clear that the statute applies, there is no room for the operation of a court's discretion and intervention must be allowed, if the application was timely filed. *See* FED. R. CIV. P. 24(a)(1); *id.*

The ADA, like Title VII, provides aggrieved persons, such as Huschka and Madigan, a statutory right to intervene. 42 U.S.C. § 2000e-5(f)(1) (incorporated by ADA § 107(a) [42 U.S.C. § 12117(a)]) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental

---

[2]"Intervention as of right under Rule 24(a)(2) is proper when: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *Id.*

agency, or political subdivision"). *See Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980) ("a private party whose interests may be affected by a suit the E.E.O.C. brings has an unqualified right to intervene in the suit, if he timely seeks to do so"); *United States Equal Employment Opportunity Comm'n v. Taylor Elec. Co.*, 155 F.R.D. 180, 181 (N.D. Ill. 1994); *Equal Employment Opportunity Comm'n v. Century I, L.C.*, 142 F.R.D. 494, 495 (D. Kan. 1992); *Equal Employment Opportunity Comm'n v. Bhd. of Painters, Decorators and Paperhangers of America, Local 857*, 384 F.Supp. 1264, 1267 (D.S.D. 1974) ("the statute grants the person aggrieved an unconditional right to intervene in any case brought by the EEOC").

There is no question here that the application for intervention was timely. Huschka and Madigan moved for intervention on December 2, 2004, less than three months after the original action was filed. *See Trans World Airlines, Inc. v. Mattox*, 712 F.Supp. 99, 103 (W.D. Tex. 1989), *aff'd*, 897 F.2d 773 (5th Cir. 1990) (petition for leave to intervene timely where filed two months after suit was filed). Because Movants' application was timely and they have a statutory right to intervene in this action, the Motion to Intervene (Clerk's Doc. No. 3) should be GRANTED.

## II. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **GRANT** Dorothea Huschka's and Eric Madigan's Motion to Intervene (Clerk's Doc. No. 3) pursuant to Federal Rule of Civil Procedure 24(a)(1).

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 17th day of February, 2005.

                                                ANDREW W. AUSTIN
                                              UNITED STATES MAGISTRATE JUDGE